IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-481-BO-KS

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| JOHN DOE subscriber assigned IP address 162.229.176.96, | ) |
| | ) |
| Defendant. | ) |

ORDER ON MOTION FOR LEAVE TO SERVE
THIRD-PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE

THIS CAUSE came before the Court upon Plaintiff's Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference, and the Court being duly advised in the premises does hereby:

FIND, ORDER AND ADJUDGE:

1. Plaintiff has established that "good cause" exists for it to serve a third-party subpoena on AT&T Internet (hereinafter the "ISP"). *See LHF Prods., Inc. v. Does 1-5*, No. 1:17-CV-151-MR, 2017 WL 2960789, at *1 (W.D.N.C. July 11, 2017); *Strike 3 Holdings, LLC v. Doe*, 964 F.3d 1203, 1207 (D.C. Cir. 2020). Plaintiff has made a prima facie claim of copyright infringement by an unidentified individual and seeks limited information from which the alleged infringer's identity can plausibly be inferred. Plaintiff has demonstrated there are no reasonably alternative means to

obtain the information sought, and the information is relevant and needed to prosecute Plaintiff's copyright infringement claim. Plaintiff's interests in protecting its copyrights outweighs any privacy interests of the alleged infringer.

2.  Plaintiff's Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference [DE #5] is GRANTED. Plaintiff may serve the ISP with a Rule 45 subpoena commanding the ISP to provide Plaintiff with the name and address of the individual to whom the ISP assigned an IP address as set forth in the Complaint. Plaintiff shall attach to any such subpoena a copy of this Order.

3.  If the ISP qualifies as a "cable operator" as defined by 47 U.S.C. § 522(5),[1] it shall comply with 47 U.S.C. § 551(c)(2)(B), which provides as follows:

> A cable operator may disclose such [personally identifiable subscriber] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed.

by sending a copy of this Order to the subscriber.

---

[1] 47 U.S.C. § 522(5) defines "cable operator" as

any person or group of persons

>   (A)  who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or
>
>   (B)  who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system.

2
Case 5:23-cv-00481-BO-KS   Document 7   Filed 09/08/23   Page 2 of 3

4. Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on the ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

This 8th day of September 2023.

*Kimberly A. Swank*
KIMBERLY A. SWANK
United States Magistrate Judge